**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

BHARAT MALDE,                    :
                                     Civil Action No. 07-3618 (JLL)
        Petitioner,   :

        v.            :  **OPINION**

ZULIMA FARBER, et al.,           :

        Respondents.  :

**APPEARANCES:**

Petitioner pro se
Bharat Malde
Special Treatment Unit
Avenel, New Jersey 07001

**LINARES**, District Judge

    This matter is before the Court on Petitioner Bharat Malde's ("Petitioner") Petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

                          I.  BACKGROUND

    This background statement is taken from the allegations contained in the Petition, and the attachments thereto, and is accepted as true for purposes of this Opinion.

    Petitioner has been involuntarily civilly committed as a sexually violent predator. His commitment was continued by order

of the Superior Court of New Jersey - Law Division - Essex County, as entered July 31, 2006.

Petitioner appealed this Order to the Superior Court of New Jersey, Appellate Division.  On April 4, 2007, the Appellate Division affirmed the order of commitment, holding that the finding of the lower court was supported by clear and convincing evidence.  The opinion of the Appellate Division attached to the Petition does not address any other argument or suggest that any other argument was raised by Petitioner.

Before the Supreme Court of New Jersey, Petitioner argued that certification should be granted to resolve the apparent conflict between the Appellate Division's ruling in this matter and the rulings in two other SVPA matters regarding, first, the eligibility of a patient for transitional discharge planning where the patient had made progress in his therapy by earning a higher level of treatment and, second, whether Petitioner suffered from a mental abnormality which predisposes him to committing acts of future sexual violence.  The request for certification also stated that certification should be granted to address the other, unspecified, arguments raised before the Appellate Division.  On June 7, 2007, the Supreme Court of New Jersey denied certification.

This Petition followed.  Here, Petitioner asserts four grounds for relief:

> GROUND ONE:
>     Involuntary civil commitment obtained by the unconstitutional failure of the Prosecution to disclose to the defendant evidence favorable to the defendant.
> SUPPORTING FACTS:
>     Petitioner DID NOT meet the criteria for involuntary civil commitment under the New Jersey's SEXUALLY VIOLENT PREDATORS ACT.
>
> GROUND TWO:
>     Involuntary civil commitment obtained by a violation of the protection against Double Jeopardy.
> SUPPORTING FACTS:
>     Petitioner was re-tried under the same criminal charges in the FACADE of involuntary civil commitment as a Sexually Violent Predator.
>
> GROUND THREE:
>     Involuntary civil commitment obtained NOT by Jury.
> SUPPORTING FACTS:
>     Petitioner was ignored in having a Jury Trial in regards to being involuntary civilly committed under the New Jersey's SEXUALLY VIOLENT PREDATORS ACT.
>
> GROUND FOUR:
>     Denial of effective assistance of Counsel.
> SUPPORTING FACTS:
>     Counsel (Public Defender) worked as a "PUPPET" for the State in helping the State to involuntary civil commit Petitioner, gave really NO true defense in behalf of this Petitioner.

(Petition, ¶ 12.) In response to the question on the form Petition to state whether any grounds were not previously presented to the state courts and to give the reasons for not presenting them, Petitioner responded:

> All above grounds were not so presented for the reasons that this Petitioner WAS NOT aware, NOR informed in the

3

>   Criminal Court of Essex County that he would be
>   considered for civil commitment under the New Jersey's
>   SEXUALLY VIOLENT PREDATORS ACT.

(Petition, ¶ 12.)

Petitioner names as Respondents the former and current Attorneys General of the State of New Jersey.

## II.   ANALYSIS

A.   Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

>   A court, justice or judge entertaining an application
>   for a writ of habeas corpus shall forthwith award the
>   writ or issue an order directing the respondent to show
>   cause why the writ should not be granted, unless it
>   appears from the application that the applicant or
>   person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773

F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

B.    The Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts

empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Nevertheless, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities

6

of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts alledly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, state law provides judicial review processes applicable to Petitioner's claims. Petitioner appealed the commitment order, but in that appeal failed to raise the claims asserted here. He asserts that the reason for failing to raise the claims earlier is that he was unaware that he would be considered for civil commitment. However, the Court finds this stated reason, without any additional explanation, incredible.

As a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Petitioner's unexhausted claims. District courts should dismiss petitions

containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

The Court hereby orders Petitioner to show cause why the Petition should not be dismissed for failure to exhaust his state remedies.

C.   The Proper Respondent

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). Specifically with respect to § 2254 petitions, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The Advisory Notes to Rule 2

explain further that "[if] the applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking[, the] named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)."  Rules Governing § 2254 Cases, Rule 2(a), Advisory Committee Notes (1976 Adoption).

"[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  Wales v. Whitney, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement – "core challenges" – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.
>
> ...
>
> ... [I]dentification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged "custody."  In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.

<u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435, 439 (2004) (citations omitted).[1]

Similarly, in the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action.  This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.  That the district director has the power to release the detainees does not alter our conclusion.  Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

<u>Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir. 1994).

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions."  Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.  <u>See</u> <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 494-95, 500 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

---

[1] In <u>Padilla</u>, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court.  542 U.S. at 435-36, n.8, 9.  Neither of these potential exceptions to the general rule is raised by this Petition.

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

A federal court may sua sponte raise and address the issue whether the Petitioner has named the proper respondent. See Barry v. Bergen County Probation Department, 128 F.3d 152, 162-63 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998).

Under the circumstances of this case, where Petitioner is challenging his present physical custody, the administrator of the facility where he is held is an indispensable party respondent, whose absence subjects the Petition to dismissal. See, e.g., Stanley v. California Supreme Court, 21 F.3d 359 (9th Cir. 1994).

The Court hereby orders Petitioner to show cause why the Petition should not be dismissed for failure to name a proper respondent.
Should Petitioner determine that the respondents named are not the proper respondents, he may respond to the order to show cause by proffering an amended petition naming a proper respondent.

III.  CONCLUSION

For the foregoing reasons, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state court remedies and to name a proper respondent.  An appropriate Order follows.


      /s/ Jose L. Linares
     United States District Judge

Dated: August 29, 2007